# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2012

No. 11-10776
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN MALDONADO-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-47-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Martin Maldonado-Torres pleaded guilty to illegal reentry after deportation, a violation of 8 U.S.C. § 1326. The district court varied upward from the calculated Guidelines range and sentenced Maldonado-Torres to 41 months of imprisonment. Maldonado-Torres argues that the district court procedurally erred by failing to provide sufficient evidence or reasoned analysis to explain its choice of an above-guidelines sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10776

As an initial matter, we find that the 41-month sentence imposed was the result of an upward variance from the Guidelines. *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008). We need not decide whether Maldonado-Torres properly preserved his issue in the district court because, as explained below, the sentence is procedurally reasonable under either plain error review or an abuse-of-discretion standard. *See United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008).

When imposing a non-guidelines sentence, "the district court must more thoroughly articulate its reasons." *United States v. Smith,* 440 F.3d 704, 707 (5th Cir. 2006). "These reasons should be fact-specific and consistent with the sentencing factors enumerated in [18 U.S.C. §] 3553(a)." *Id.* We conclude that the district court's oral and written statements adequately explain that the sentence was based on its evaluation of the § 3553(a) sentencing factors, particularly Maldonado-Torres's criminal history and characteristics and the need for the sentence imposed to promote respect for the law, to afford adequate deterrence to any future criminal conduct, and to protect the public from further crimes he might commit. *See* § 3553(a)(1), (a)(2)(A)-(C); *Smith,* 440 F.3d at 707-08.

Accordingly, the judgment of the district court is AFFIRMED.